UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARCELLUS A. JONES,

    Plaintiff,

    v.

WILLIAM CATTELL, *et al.*,

    Defendants.

CIVIL ACTION NO. 1:23-cv-01991

(SAPORITO, J.)

## MEMORANDUM

Plaintiff Marcellus A. Jones, now incarcerated at SCI-Dallas, proceeds on a variety of claims about his conditions of confinement at SCI-Camp Hill in 2022 and 2023. He has filed a series of motions and requests relating to discovery. For the following reasons, his motion asserting a claim of spoliation (Doc. 92) will remain pending, but all other motions will be denied.

## I. "MOTION FOR SPOLIATION AND SANCTIONS TO ACCRUE" (DOC. 92)

First, Jones contends that although he "submitted both written and verbal requests for video recordings to be saved," defendants failed to preserve video relevant to this litigation. He requests that the Court "sanction[] the defendants for destruction of evidence they knew was relevant to this case."

To obtain a sanction for a party's spoliation of evidence, a movant must show that "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. UPS*, 665 F.3d 68, 73 (3d Cir. 2012). Because suppression and withholding involve intent, "a finding of bad faith is pivotal to a spoliation determination." *Id.* at 79. The remedy can include an adverse inference at trial, *see McMunn v. Babcock & Wilcox Power Generation Grp.*, 869 F.3d 246, 268 (3d Cir. 2017), or any other "appropriate sanction to remedy the damage to other parties." *See Bistrian v. Levi*, 448 F. Supp. 3d 454, 464 (E.D. Pa. 2020).

Defendants[1] argue that Jones "has not come forward with any evidence that he allegedly requested that these individually named Defendants make requests to SCI Camp Hill to preserve any security video." However, most of Jones's relevant prison grievances include a notation to "SAVE VIDEO," specifying the individuals involved and the

---

[1] For brevity, we refer to the respondents to Jones's motions as "defendants," although defendant Cattell did not respond to all the motions discussed herein.

video he sought to preserve.[2] If this was insufficient, it is hard to see how a prisoner is supposed to convey that message to prison officials. Defendants' response does not describe any DOC policy for video preservation or any procedure for prisoners to request it.[3]

Defendants also argue that there cannot be a spoliation inference against them because they were not personally involved in the preservation or deletion of video at SCI-Camp Hill. However, because Jones cannot sue the prison itself, that argument invites "the absurd result that a state-run correctional facility could wrongly destroy [video] in its control with near-zero risk of consequence in prisoner suits." *Sinanan v. Quinn,* No. 1:24-CV-0192, 2026 WL 828746, at *5 (W.D. Pa. Mar. 26, 2026) (quoting *Neal v. Powell,* No. 17-CV-4768 (KMW/MJS), 2024 WL 3466800, at *5 (D.N.J. July 19, 2024)). That concern appears

---

[2] *See, e.g.,* (Doc. 79-11 at 6, Doc. 79-12 at 8, Doc. 79-13 at 4, Doc. 79-14 at 6, Doc. 79-15 at 5, Doc. 79-16 at 6, Doc. 79-17 at 3, Doc. 79-18 at 6, Doc. 79-19 at 5).

[3] Although defendants were granted an extension of time to respond in part to "conduct another subsequent review and search for any responsive video files and to provide the Court with affidavit(s) from the Department of Corrections concerning any video," *see* (Doc. 104, ¶ 10, Doc. 107), the response does not describe the result of that search nor include any affidavits.

particularly salient given defendants' failure to acknowledge Jones's preservation requests. To avoid unfair prejudice to prisoner-plaintiffs, courts have imputed the DOC's own duties to preserve evidence on the individual defendants employed there. *See, e.g., Sinanan*, 2026 WL 828746, at *5; *Tolbert v. Baldwin*, No. 2:22-CV-1182, 2025 WL 1361284, at *4 (E.D. Pa. May 9, 2025).

However, it is also true that "inmates initiate many grievances which do not proceed to litigation. As such, requiring prison officials to preserve all evidence relating to all prisoner grievances would simply place too onerous a task on prison staff." *Lombardo v. Flynn*, No. 4:11-CV-2220, 2017 WL 11716404, at *2 (M.D. Pa. Sept. 5, 2017). That is particularly true in Jones's case, given that he has filed hundreds of grievances in DOC custody. *See* (Doc. 79-10). That fact may be relevant to whether litigation was "reasonably foreseeable" based on Jones's grievances.

At this stage, the record does not show that video was suppressed or withheld in bad faith, as opposed to "a matter of routine." *See Bull*, 665 F.3d at 79; *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). However, Jones's motion for sanctions will remain under

- 4 -

advisement pending adjudication of defendants' motions for summary judgment. If Jones's claims survive summary judgment, further proceedings may be required to determine whether spoliation occurred and the appropriate sanction, if any.

## II.    REQUEST(S) FOR PRELIMINARY INJUNCTIVE RELIEF (DOCS. 91, 94)

Next, Jones requests preliminary injunctive relief because his "legal property" has been repeatedly "taken for malicious reasons or confiscated and restricted from him." He requests that various prison officials be enjoined from handling his legal property "outside of his presence, or without a handheld video camera." *See* (Docs. 91-1, 104).[4]

Preliminary injunctive relief is an "extraordinary remedy," for which the movant "must establish entitlement to relief by clear evidence." *Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018). On a request for preliminary injunctive relief, courts consider four factors: (1) whether there is a "reasonable probability" of success on the merits, (2) whether denial would cause irreparable harm to the plaintiff, (3) whether the relief would cause greater harm to the non-moving party,

---

[4] Although Jones's filings list a litany of complaints about his conditions of confinement, our review is limited to the relief requested.

and (4) whether the relief would be in the public interest. *See Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 39 F.4th 95, 102-03 (3d Cir. 2022). The first two factors are "prerequisites that the moving party must establish." *Id.* (citing *Greater Phila. Chamber of Com. v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020)).

Jones has submitted declarations in which he claims that his legal property was "stolen" and/or destroyed (Docs. 91, 98), but a self-serving declaration alone is not sufficient to justify preliminary injunctive relief. *See Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 321 (3d Cir. 2019). Although Jones's attachments document various disputes with prison officials, they do not show that his legal property was improperly confiscated. To the extent these documents relate to the seizure of property, Jones fails to address the prison officials' explanations for these incidents, including one purportedly involving the seizure of "gambling tickets," pornographic material, and other contraband.[5] *See* (Doc. 93-1, Doc. 93-2 at 2). Moreover, he has not

---

[5] Jones's apparently selective descriptions of these events belie any finding of "clear evidence." For example, he attests without explanation that the seizure of his property caused him to have "no appetite . . . and subsequently caus[ed him] to be physically attacked and hospitalized." (Doc. 91 at 2).

explained how the allegedly lost documents would result in the loss of a non-frivolous claim. *See Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008). Because he has not presented clear evidence showing a reasonable probability of success on any claim from this alleged seizure of property, his request for preliminary injunctive relief must be denied.

### III.   MOTION TO COMPEL (DOC. 100)

Next, Jones has filed a motion to compel discovery. In addressing prior motions to compel from Jones, we have repeatedly explained that he must attempt to resolve his objections with opposing counsel before seeking court intervention. *See* (Docs. 66, 78, 89). It is undisputed that he did not, *see* (Doc. 109 at 4), so this motion will be denied. *See, e.g.*, *Turner v. Scott*, 781 F. App'x 47, 51 n.3 (3d Cir. 2019); *Lofton v. Wetzel*, No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015). However, we will also address Jones's arguments on the merits.

Jones claims that defendants have unlawfully refused to produce recorded phone calls[6]; "past complaints made against the defendants";

---

[6] In a different motion, Jones argues that "the 'Wiretap Act' is only applicable to criminal case[s] in Federal Courts," (Doc. 105 at 2), but he is mistaken. *See, e.g.*, *Morales v. Bierly*, No. 1:24-CV-01081, 2025 WL 3205369, at *10 (M.D. Pa. Nov. 17, 2025). Regardless, because Jones has
*(continued on next page)*

- 7 -

"the names of people held in the neighboring cells"; "paperwork regarding" his complaints about missing property; and complaints about "hazardous conditions" in various areas of SCI-Camp Hill, among other unspecified[7] items. He contends that in response to his requests, "defendants have submitted objections that are not allowed":

> I stated specifically what materials I was requesting and I was not making overly broad [sic], nor going on fishing expeditions through discovery practices.
>
> Therefore, the defendants could only object to my requests for evidence due to confidentiality or based on the materials being privileged[.] Since neither is the case the defendants are in direct violation of the federal evidence and discovery rules.

(Doc. 100 at 2).

---

not conferred with counsel or addressed counsel's suggestion for a procedure to obtain recorded phone calls, *see* (Doc. 109-1 at 31-32), he is not entitled to court intervention on this issue.

[7] Jones claims that he sent discovery requests to defense counsel on more than six different dates, but most of those alleged requests and responses are not in the record. Given the volume of Jones's claimed discovery requests, and that his motion does not explain why any specific request was wrongly denied, we "address [the] responses categorically because any attempt to do so on a request by request basis would be impractical." *See Preacher v. Correct Care Servs.*, No. 2:19-CV-1207, 2020 WL 7027837, at *3 n.2 (W.D. Pa. Nov. 30, 2020).

It is not the case that the only valid objections to a discovery request are overbreadth, confidentiality, and privilege. For example, a discovery respondent can object on the basis that the requested items are irrelevant to the claims or that production would present a prison security risk. *See, e.g., Ivy v. Johnson*, No. 1:18-CV-1506, 2021 WL 322170, at *2 (M.D. Pa. Feb. 1, 2021); *Williams v. Wetzel*, No. 1:17-CV-79, 2019 WL 1206061, at *3 (M.D. Pa. Mar. 14, 2019). Aside from his general statement that these other objections are "not allowed," Jones does not address them.

Given the scope of his claims[8], Jones's requests were overbroad. For example, his conditions of confinement claim is limited to a single cell in the infirmary, but he claims entitlement to "[a]ny and all grievances[,] complaints or other documents" relating to conditions of confinement on four different cell blocks at SCI-Camp Hill. *See, e.g.*, (Doc. 109-1 at 8). He proceeds on Eighth Amendment claims against a single defendant who allegedly struck him with a metal detector, and another who allegedly

_____

[8] Jones proceeds on claims that various defendants confiscated his property out of retaliation; that he was placed in a cell with unsanitary conditions in August 2022; that an officer struck him with a metal detector in August 2022; and that a prison doctor denied him insulin for a non-medical reason in April 2023. *See* (Docs. 26, 27).

- 9 -

failed to intervene in that assault, but demands "[a]ny and all grievances[,] complaints or other documents . . . concerning abuse of prisoners" by 12 different prison officials. *See* (*id.* at 14). Even if his requests were limited to the appropriate defendants, courts have repeatedly rejected this type of "all grievances" request as "not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff." *Allen v. Eckard*, No. 1:17-CV-996, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019) (listing cases); *see also Torres v. Clark*, No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) (discussing a request for "all grievances filed against the conditions" of a particular cell).

To the extent Jones has any other specific objection to defendants' responses, he has not described it in the motion or raised it with opposing counsel, "and the Court declines to generate any such arguments." *See Molina v. Kauffman*, No. 4:21-CV-00038, 2023 WL 3077801, at *4-5 (M.D. Pa. Apr. 25, 2023). Accordingly, the motion to compel will be denied, and Jones's attendant motion for an extension of the discovery deadline (Doc. 105) will be denied as moot.

## IV. MOTION FOR RECONSIDERATION (DOC. 110)

Finally, Jones has filed a motion for reconsideration (Doc. 110) of a prior order (Doc. 107) finding that defendant Cattell did not have to respond to the motion to compel. The motion for reconsideration is unsigned, *see* Fed. R. Civ. P. 11(a), and to the extent it sought revision of the briefing schedule on the motion to compel, it is now moot.[9]

## V. CONCLUSION

Accordingly, Jones's motion requesting a spoliation sanction will remain pending, but his other motions will be denied, and he will be ordered to respond to defendants' pending motions for summary judgment. An appropriate order follows.

Dated: July 15, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[9] Jones also sought to relitigate the question of whether certain "personnel files and other information . . . that I believe [Cattell] should have" are within Cattell's control. Other than Jones's "belie[f]," he presents no evidence to contradict Cattell's prior representations on that issue. Further, Jones has failed to "address how additional discovery would preclude summary judgment given that his medical records (1) do not substantiate Jones's allegations that Cattell denied him insulin in April 2023; and (2) indicate that during the relevant period, Jones was on a hunger strike and repeatedly refused insulin and blood sugar checks offered by medical staff." *See* (Doc. 66); Fed. R. Civ. P. 56(d).