**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARCELLUS A. JONES, | |
| Plaintiff, | CIVIL ACTION NO. 1:23-cv-01991 |
| v. | (SAPORITO, J.) |
| WILLIAM CATELL, *et al.*, | |
| Defendants. | |

# ORDER

Marcellus A. Jones has requested an extension of time to appeal the entry of judgment against him pursuant to Federal Rule of Appellate Procedure 4(a)(6). (Doc. 127-1). For the following reasons, Jones's request will be denied.

Generally, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(6), the district court can reopen the time to file an appeal, "but only if all the following conditions are satisfied":

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the

> moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. (4)(a)(6). These deadlines are mandated by statute, *see* 28 U.S.C. § 2107, and a court "ha[s] no authority to create equitable exceptions to them." *See Baker v. United States*, 670 F.3d 448, 456 (3d Cir. 2012).

Jones seeks to appeal the Court's September 25, 2026, order granting summary judgment to the defendants on most of his claims and dismissing the remaining claim. Initially, in a motion dated October 20, 2026, Jones sought an extension of time to file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). That motion was denied because a court is not permitted to extend that deadline. *See* (Docs. 124, 125); Fed. R. Civ. P. 6(b)(2). Jones alleges that "immediately" after receiving this denial, he filed the instant motion and putative notice of appeal (Doc. 127). These filings are dated November 8, 2026, and the Court received them on November 20, 2026.

On these facts, Jones is not entitled to an extension under Rule 4(a)(6). He does not claim that he received notice of the summary

judgment order more than 21 days after it was entered. Jones points to the fact that he filed the instant motion "immediately" after receiving the order denying the Rule 59(e) extension, but that is irrelevant, because that order was not "the judgment or order sought to be appealed." Fed. R. App. P. (4)(a)(6)(A).

To the extent Jones's delayed appeal was due to his mistaken belief that he was entitled to an extension to file a Rule 59(e) motion, we have considered whether he would be entitled to relief under Rule 4(a)(5). This rule permits extension of the time to appeal for an appellant's showing of "excusable neglect or good cause." *See* Fed. R. App. P. 4(a)(5). However, the appellant's "ignorance of the rules, or mistakes construing the rules," or strategic decisions stemming from such errors, do not constitute excusable neglect or good cause. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 324 (3d Cir. 2012); *see*, *e.g.*, *Bank of New York Mellon v. Mazza*, No. 24-2794, 2025 WL 1419416 (3d Cir. May 16, 2025) (appellants' claims that they were "misled" about the rules and "misapplied" them were insufficient) (nonprecedential).

For the foregoing reasons, **IT IS HEREBY ORDERED** that Jones's

request for an extension of time to appeal (Doc. 127-1) is **DENIED**.[1]

Dated: November 23, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

[1] Although the enforcement of these jurisdictional deadlines potentially creates "an unfortunate result" for Jones (*Baker*, 670 F.3d at 462), we note that he may be able to seek relief under Federal Rule of Civil Procedure 60, depending on the basis for his challenge(s).